# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ELMER THERON CURRY, III,

        Defendant-Appellant.

UNPUBLISHED
February 9, 2016

No. 324533
Saginaw Circuit Court
LC No. 13-038565-FC

Before: BOONSTRA, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of second degree murder, MCL 750.317. The trial court departed upward from the sentencing guidelines, which had recommended a 15 to 25 year sentence, and sentenced defendant to 30 to 50 years. Defendant filed a delayed application for leave to appeal his sentence, which this Court granted.[1] We remand to the trial court for further proceedings pursuant to our Supreme Court's decision in *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), and this Court's recent decision in *People v Steanhouse*, ___ Mich App ___; ___NW2d ___ (2015) (Docket No. 318329); slip op at 23-24, lv pending.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

At his plea hearing, defendant admitted that he and three other individuals encountered the victim, Greg Gross, while driving around in Saginaw. Defendant admitted that the four of them assaulted Gross, punching and kicking him until he went to the ground. Defendant admitted that they continued to punch and kick Gross while he was on the ground and that Gross died from his injuries.

Defendant initially entered his guilty plea as part of an agreement with the prosecution under which defendant would testify in any trial regarding his three accomplices, in exchange for the prosecution's recommendation to the trial court that defendant be sentenced within, although not at the bottom of, his sentencing guidelines range. However, defendant did not comply with

---

[1] *People v Curry*, unpublished order of the Court of Appeals entered May 1, 2015 (Docket No. 324533).

the agreement and refused to testify against the others. At sentencing, the prosecution asked that the guidelines be exceeded, stating that the prosecution had "never seen a murder as senseless and brutal as this case was." The prosecution asked for a minimum sentence of 40 to 70 years. Defense counsel stated that in conversations with defendant he came to believe that defendant also considered his crime senseless. Defense counsel requested a sentence within the guidelines, asking the trial court to be especially mindful of the fact that defendant had no prior adult criminal record and that the trial court had sentenced one of defendant's accomplices (who had a prior felony record) to a minimum sentence of 30 years. Defense counsel reasoned that because defendant had no adult criminal record, he should receive a lesser sentence. Ultimately, the trial court opted to depart upward from the guidelines recommendation, reasoning that "[t]his was absolutely one of the worst cases I've ever seen" and that "[t]he brutality involved in this defies description." This appeal followed.

## II. STANDARD OF REVIEW

The Supreme Court has recently directed this Court to review "[a] sentence that departs from the applicable guidelines range . . . for reasonableness." *Lockridge*, 498 Mich at 392. After *Lockridge*, this Court in *Steanhouse*, ___ Mich App at ___; slip op at 23-24, held that the standard of review by which this Court will review sentences for "reasonableness" will be the standard that was articulated by our Supreme Court in *People v Milbourn*, 435 Mich 630, 659-660; 461 NW2d 1 (1990):

> Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself may embody a violation of the principle of proportionality.

## III. ANALYSIS

Defendant argues that the trial court's departure was not supported by pre-*Lockridge* caselaw. *Lockridge* having subsequently been decided, the prosecution acknowledges that a remand may be necessary for the trial court to justify the departure under the standards of *Lockridge* and *Steanhouse*. We agree that a remand is required.

*Steanhouse* instructs reviewing courts to consider "(1) the seriousness of the offense . . . (2) factors not considered by the guidelines, such as the relationship between the victim and the aggressor . . . and (3) factors that were inadequately considered by the guidelines in a particular case." *Steanhouse*, ___ Mich App at ___; slip op at 24. Further, a *Crosby*[2] remand is the proper

---

[2] *People v Crosby*, 397 F3d 103 (CA 2, 2005).

procedure in circumstances where the trial court "was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing." *Id*. at 25.

The trial court did not have the benefit of *Lockridge* or its progeny at the time that it imposed defendant's sentence. Therefore, we remand this case to the trial court for a *Crosby* hearing to determine whether the trial court would have imposed a materially different sentence had it been aware, when it sentenced defendant, of the advisory nature of the guidelines and the reasonableness standard for evaluating upward departures. We note that *Steanhouse*, ___Mich App at ___; slip op at 24, instructs that the seriousness of the offense may be considered by the trial court on remand.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray